NEW JERSEY MISCELLANEOUS REPORTS. 677

Supreme Court—State Asso. Y. M. C. A. v. Kinney.

THE TRUSTEES OF THE STATE ASSOCIATION OF THE YOUNG MEN'S CHRISTIAN ASSOCIATION, PLAINTIFF-RESPONDENT, v. CLARK N. KINNEY, DEFENDANT-PROSECUTOR.

Submitted January 16, 1925—Decided June 15, 1925.

**Ejectment—Land in Question Hard to Understand Location of On Account of State in Which Record is Presented—Difficulty Result of Carelessness in Describing Tract—Verdict for Plaintiff Clearly Against Weight of Evidence—Adverse Possession Not Established.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendant-prosecutor, *Morris & Downing* (*Levi H. Morris,* of counsel).

For the plaintiff-respondent, *King & Vogt.*

PER CURIAM.

This case is before us on a defendant's rule to show cause. It is an action in ejectment instituted by the trustees of the state association of the Young Men's Christian Associations as plaintiff against Clark N. Kinney as defendant.

The plaintiff purchased in 1919 from Emma Lulu Slater, widow of Charles F. Slater, the tract of land in dispute. The purpose of the plaintiff's purchase was to have the exclusive control of a pond in the county of Sussex, in this state, known as Slater's pond. This pond is located about two and one-half miles southeast of Newton, in the county of Sussex. The tract of land of which the plaintiff desires to obtain possession borders on the pond and is a projecting headland. It has been difficult to obtain a proper under-

standing of the case because of the state in which the record is presented to us. The surveyor for the plaintiff in his testimony ran a pointer along a map from "here" to "there." This gives a reviewing court no correct understanding of testimony which may be of great importance to the proper review of the case. The map submitted shows two ponds. The *locus in quo* is not indicated and the ponds are not named. All of the property lines are not given. The scale of the map is, wrong. An ejectment suit is generally a difficult case for a court to review. Great care should be exercised in the preparation of the state of the case for review. The *locus in quo,* although stated to be a peninsula, is, in fact, a headland. It is located near the easterly end of the larger of the two ponds shown upon the map. * * *

The defendant, Clark Kinney, concededly owns to the southeast of the disputed land. The plaintiff concededly owns to the northwest of the same line with the exception of the headland. The difficulty appears to have been brought about by carelessness in describing the Kinney tract and describing the northwest side of said tract. Instead of copying the surveyor's courses after reaching the pond, the scrivener said "thence along said pond to the place of beginning." This appears in the deed of George H. Nelden, sheriff, to Simmons Struble, dated April 1st, 1853. This deed was the result of a mortgage not set forth in the state of the case. The mortgage may have had this mistake in the description. In 1860 Simmons Struble had conveyed to him the pond by Joseph A. Scoville and wife. Struble on April 13th, 1863, mortgaged eight tracts of land to Daniel S. Anderson, trustee for Charity Ackerson. The first four of these tracts were those conveyed by Joseph A. Scoville and wife. The fifth tract is not involved in the present case. The sixth and seventh tracts are the same as were conveyed by George H. Nelden, sheriff, to Simmons Struble, by deed dated April 1st, 1853. This is the Kinney tract. The eighth tract is also not involved in the present case. Daniel S. Anderson, as trustee, foreclosed this mortgage in the year 1870, and in the

year 1871 a sale was made in parcels by the sheriff of Sussex county. The first, second, third and fourth tracts in the mortgage (the fourth tract being the pond tract), were conveyed by Jesse Ward, the sheriff, to Charles K. Slater, by deed dated March 27th, 1871, and acknowledged and recorded on the same day. The fifth, sixth and seventh tracts described in the mortgage were conveyed to Horatio W. Kinney. The sixth and seventh tracts include the property bought by Simmons Struble in 1853 and form the Kinney tract. Thus, on the same day, the sheriff sold to different purchasers the pond tract following surveyor's lines across the promontory in question. The Kinney tract was described by following the same lines on the northwest side. There was then inserted in the description the words "thence along the said pond." From 1853 to 1871, Simmons Struble owned to the southeast of the line "along the pond," and from 1860 to 1871, to the northwest of it by the Scoville deed. He never strictly owned between the shore and the surveyor's line.

The trial judge in his charge to the jury said that if the sheriff in 1871 undertook to give the peninsula (meaning the promontory) to both parties, then there should be a verdict for the defendant, as his title is as good as the plaintiff's; but if the sheriff did not undertake so to convey to the defendant beyond the Hackett line (meaning surveyor's line), then the plaintiff was entitled to recover unless the defendant made out adverse possession. The jury found for the plaintiff, and in doing so must have construed the sheriff's deeds of 1871 favorable to the plaintiff, and also found that adverse possession had not been shown. We have reached the conclusion, however, from our examination of the testimony, that the verdict is against the weight of the evidence as to adverse possession. The defendant proved by the testimony of many witnesses that he had farmed the tract of land in dispute down to the water's edge continuously for a period of forty years. There was no sign of a fence or other mark of a boundary on the line involved. During the trial the jury

was permitted to view the premises. It is contended that this view of the premises should be controlling and the verdict sustained. We think otherwise. The evidence of the farming of the land is not seriously disputed. We think the verdict rendered against the weight of the evidence. In view of this holding it is unnecessary to consider the other questions briefed.

The rule to show cause will be made absolute.